UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JANE DOE,

     Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JANE DOE, by and through her undersigned attorneys and hereby sues Defendants, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), and alleges:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, JANE DOE, is sui juris, and is a resident and citizen of the State of Virginia.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

5.      Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

6.      At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

7.      At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8.      In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9.      Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

10.     Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

11.     At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Legend*.

12.     At all material times, including the date of the incident, April 1, 2022[1], the Plaintiff was a fare paying passenger aboard the *Legend* (the "subject vessel") and in that capacity was lawfully present aboard the vessel.

---

[1] The Statute of Limitations was extended by agreement until June 1, 2023.

13. On, or about, April 1, 2022, Plaintiff was sexually assaulted by one of CARNIVAL's employees.

14. On, or about, April 1, 2022, Plaintiff did not consent to the sexual assault described herein.

15. CARNIVAL hires crewmembers from developing nations where the economic opportunities are limited and the unemployment is high. CARNIVAL chooses to hire these crewmembers to pay them low wages and to force to work long hours.

16. CARNIVAL utilizes agents or "hiring partners" to perform background checks in these developing nations and relies on the "hiring partners" to obtain background information on these potential crewmembers. However, the investigation into the background and history of the prospective crewmembers in these countries, because of the lack of infrastructure, cannot be complete or verified.

17. CARNIVAL then fails to examine and test - reasonably under these circumstances - the prospective crewmembers who are hired to perform a job that involves a high level of close contact with its passengers. CARNIVAL fails to train these crewmembers and fails to monitor the crewmembers.

18. CARNIVAL'S failure to select, train, and control its male crew members and/or officers to refrain from sexual conduct with female passengers is disastrous in combination with CARNIVAL giving its male crewmembers unfettered access throughout the vessel.

19. CARNIVAL hires male crew members and/or officers who are from a variety of different cultures, many of which do not have a progressive view towards women's rights and provide zero education on the necessity of consent for sex.

20. CARNIVAL fails to provide a safe environment for its passengers them.

21.     CARNIVAL fails to protect its passengers from sexual assault, battery and rape by its crew members and/or officers.

22.     CARNIVAL fails to warn female passengers that CARNIVAL's male crew members represent a danger to female passengers and fails to provide safeguards against sexual assault.

23.     The crew members and/or officers are inadequately screened and trained to interact with female passengers on its cruise ships. The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships.

24.     CARNIVAL fails to take adequate steps or provide adequate security and/or training and/or supervision, to prevent such rapes and sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant deliberately chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such wanton, willful, or outrageous conduct on the part of the Defendant exposes Defendant to punitive damages.

**SUBJECT INCIDENT**

25.     On, or about, April 1, 2022, prior to the subject incident, Plaintiff received some troubling news about an incident back at home and was visibly upset.

26.     Plaintiff's assigned cabin steward, Mahdi, (herein "ASSAILANT") recognized the obvious distress Plaintiff was in and attempted to console her.

27.     Thereafter, Plaintiff went about her evening. She went to dinner and the evening comedy show.

28.   At approximately 9 pm, on or about, April 1, 2022, Plaintiff returned to her assigned cabin when the ASSAILANT came to her door and offered to bring her wine. In her distressed state, Plaintiff agreed.

29.   Unknown to Plaintiff, prior to returning with wine, the ASSAILANT had disabled the lock to Plaintiff's assigned cabin.

30.   The ASSAILANT returned by letting himself in. At that moment, Plaintiff's son also returned to the room and the ASSAILANT immediately left.

31.   Sometime later, Plaintiff's son left the cabin and the ASSAILANT immediately returned.

32.   Then, the ASSAILANT lured Plaintiff to another vacant passenger cabin in close proximity to Plaintiff's cabin.

33.   Upon entering the "new" cabin, the ASSAILANT blocked the door and prevented her from leaving.

34.   The ASSAILANT proceeded to corner her onto the bed and got on top of her. The ASSAILANT pulled down her bottoms. Plaintiff screamed "NO!"

35.   The ASSAILANT put on a condom. Plaintiff tried to grab her bottoms and leave the vacant cabin. The ASSAILANT threw her back down and continued to assault Plaintiff. Plaintiff again yelled "NO!" repetitively.

36.   The ASSAILANT attempted to penetrate her. Then, the ASSAILANT used his hands and his mouth. Plaintiff repeated "NO!"

37.   Plaintiff again tried to get to the door. The ASSAILANT kept blocking her exit. Plaintiff tried to fight him off.

38. ASSAILANT kept attempting to assault her and penetrated her repeatedly. At some point, the ASSAILANT ejaculated into the condom. Then, he got dressed and said: "Do not tell anyone." "I have a kid at home." Thereafter, the Assailant left.

39. Plaintiff ran to her room and immediately got into the shower. Plaintiff then sat on her bed. She began having a panic attack. She threw up several times throughout the remainder of the evening. She continued to feel nausea and suffered from vomiting.

40. At approximately 11 pm, on or about, April 1, 2022, Plaintiff summoned the courage to leave her cabin. She found a female security officer and reported the incident. Plaintiff was forced to relive the incident to numerous CARNIVAL security officers and personnel.

41. At approximately 2 am, on April 2, 2022, Plaintiff was taken to the ship's medical center. Within the ship's medical center, her whole body shaking. Plaintiff returned to her cabin.

42. In the morning, on April 2, 2022, Plaintiff woke up in a panic requiring immediate medical attention. She returned to the medical center several times during the cruise.

43. Upon information and belief, the ASSAILANT was taken off the vessel on April 3, 2022.

44. Plaintiff reported the incident to the FBI and was assigned a Special Victims Advocate.

45. As result of this traumatic incident, Plaintiff was admitted in patient for mental health related to the sexual trauma and diagnosed Post Traumatic Stress Disorder ("PTSD").

46. While still on the vessel, the Plaintiff's cabin lock remained disabled and/or broken. This further exacerbated her fear as the ASSAILANT could return at any time.

47. Plaintiff notified CARNIVAL of the broken lock and the door handle had to be replaced.

## CARNIVAL'S NOTICE

48. At all times material hereto, Defendant knew or should have known a sexual assault and/or rape was reasonably foreseeable considering the prevalence of sexual assaults aboard

Defendant's vessels. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 150 sexual assaults reported on Defendant's vessels between 2015 and 2019 – 133 of which were sexual assaults committed against passengers, like Plaintiff.

49.   These shipboard incidents are reported by Defendant directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

50.   As the Eleventh Circuit acknowledged in the matter of *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041 (11th Cir. 2019), in addition to the foregoing reported incidents, "[t]he reports [the Eleventh Circuit] cited in *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011), also support [plaintiff's] allegations that Royal Caribbean was on notice a decade before [plaintiff's] cruise that sexual assaults on cruise ships were a serious problem." *Id.* at 1049.

51.   At all times material hereto, instances of rapes and/or sexual assaults occur aboard CARNIVAL's vessels at an alarming rate.

52.   The actions and conduct of CARNIVAL in hiring the personnel it hires, in failing to perform any real background checks, in failing to reasonably and properly screen or test the employees or prospective employees; in failing to reasonably and properly train its employees; in failing to reasonably and properly monitor and supervise the activities of these employees, in failing to put into place a system where the passengers have real and direct access to security; in failing to properly man the ship with a sufficient number of security officers so that a sufficient number patrol the ship and deter this type of activity; when CARNIVAL has a history of crewmember assault, battery, sexual battery, and rape

of passengers and knows about the conditions under which its labor force operates caused or contributed to the cause this incident and therefore the injuries and damages of Plaintiff.

53.   CARINIVAL is on notice of numerous prior substantially similar incidents involving crew member sexually assault passengers including, but not limited to:

a.   On or about August 14, 2021, a minor passenger onboard the *Horizon* was sexually assaulted by a crewmember. See *Doe v. Carnival Corporation*, Case No.: 2022-cv-20684;

b.   On or about February 15, 2020, a passenger onboard the *Dream* was sexually assaulted by a crewmember. See *Doe v. Carnival Corporation*, Case No.: 2021-cv-20562;

c.   On or about November 19, 2019, a minor passenger onboard the *Valor* was sexually assaulted by a crewmember. See *Doe v. Carnival Corporation*, Case No.: 2020-cv-20737;

d.   On or about December 1, 2018, a passenger onboard the *Miracle* was sexually assaulted by a crewmember. See *Doe v. Carnival Corporation*, Case No.: 2019-cv-24766;

e.   On or about November 26, 2018, a passenger onboard the *Imagination* was sexually assaulted by a crewmember. See *Doe v. Carnival Corporation*, Case No.: 2019-cv-24688;

54.   At all material times, CARNIVAL owed Plaintiff the non-delegable duty to protect the passengers on the cruise ship, including Plaintiff, from the willful and/or intentional and/or criminal conduct of its employees and/or crew members. Pursuant to the Eleventh Circuit Court of Appeal in *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 913 (11th Cir. 2004), Defendant owe ". . . a non-delegable duty to protect their passengers from crew member assaults and thereby safely transport their cruise passengers."

55.     CARNIVAL is strictly liable to Plaintiff for the willful and/or intentional and/or criminal conduct of Assailant who sexually assaulted and/or sexually battered Plaintiff.

56.     The ASSAILANT violated Plaintiff's person, integrity, health, safety, and well-being, during the course and scope of his employment onboard CARNIVAL's vessel.

## <u>COUNT I – STRICT LIABILITY AGAINST CARNIVAL</u>

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifty-six (56) above as if alleged fully herein.

57.     At all material times, including the incident April 1, 2022, the subject vessel referenced above, was owned, operated, and controlled by CARNIVAL. CARNIVAL is a common carrier.

58.     CARNIVAL is strictly liable for any and all crewmember assaults and batteries on passengers during transit.

59.     CARNIVAL is strictly liable to passengers, such as Plaintiff, for crew member assaults and batteries during transit is based upon CARNIVAL's special implied duty of protection and safe transport that it owes as a common carrier through its employees to its passengers. The liability is not engendered by the idea that the act is incident to a duty within the scope of the crew member's employment. The rationale for imposing strict liability on the Defendant common carrier is the carrier-passenger relationship and the corresponding existence of an implied duty of protection and safe transport free from assault and battery by the Defendant's employees during transit. It is effectively a special non-delegable duty owed by the Defendant to the passengers, including the Plaintiff.

60.    The ASSAILANT's intentional acts of rape, forcible rape, sexual battery, and sexual assault on the Plaintiff were wanton, willful, outrageous, and in reckless disregard for the safety and rights of Plaintiff.

61.    As a proximate result of the rape, forcible rape, sexual battery, and sexual assault, Plaintiff suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff will suffer it or them in the future. Economic damages include but are not limited to the lost wages, loss of future earning capacity and the cost of medical and counseling care and treatment incurred and to be incurred in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## COUNT II – NEGLIGENT TRAINING, SUPERVISION, AND MONITORING AGAINST CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifty-six (56) above as if alleged fully herein.

62. A high degree of care is demanded of common carriers, like CARNIVAL, towards their passengers.

63. CARNIVAL owed a duty to exercise reasonable care for the safety of its passengers, including to Plaintiff.

64. CARNIVAL owed a duty to exercise reasonable care under the circumstances to Plaintiff.

65. CARNIVAL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including Plaintiff, resulting from foreseeable, preventable rape, forcible rape, sexual battery, and sexual assault by its crewmembers.

66. The circumstances under which such duty exists include the fact CARNIVAL operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

67. The circumstances also include the fact that CARNIVAL voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that CARNIVAL takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

68. CARNIVAL's duty owed to its passengers, including Plaintiff, is non-delegable and even the slightest negligence renders a carrier liable.

69. CARNIVAL breached its duty to exercise reasonable care under the circumstances in relation to training, supervision, and monitoring crewmembers, including but not limited to the following:

a.  By failing to supervise and monitor the activities and whereabouts of its crew members onboard the subject vessel;

b.  By failing to reasonably and properly control the activities and whereabouts of its crew members;

c.  By failing to reasonably and properly enforce rules, regulations, policies and procedures for its crew members who fraternize with passengers;

d.  By failing to reasonably and properly train its crew members and officers regarding non-fraternization and sexual assault prevention; and/or

e.  By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crew members having contact and interaction, including sexual relations, with passengers.

70.  At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangers of failing train, supervise, and monitor crewmembers with regards to sexual interactions with passengers including rape, forcible rape, sexual battery, and sexual assault as referenced above.

71.  CARNIVAL's actual or constructive knowledge was derived from prior substantially similar incidents.

72.  CARNIVAL was thus negligent.

73.  Alternatively, CARNIVAL was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiff.

74.  As a proximate result of the rape, forcible rape, sexual battery, and sexual assault, Plaintiff suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental

anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff will suffer it or them in the future. Economic damages include but are not limited to the lost wages, loss of future earning capacity and the cost of medical and counseling care and treatment incurred and to be incurred in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## COUNT III- NEGLIGENT SECURITY AGAINST CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifty-six (56) above as if alleged fully herein.

75. A high degree of care is demanded of common carriers, like CARNIVAL, towards their passengers.

76. CARNIVAL owed a duty to exercise reasonable care for the safety of its passengers, including to Plaintiff.

77. CARNIVAL owed a duty to exercise reasonable care under the circumstances to Plaintiff.

78. CARNIVAL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to

prevent harm to its passengers, including Plaintiff, resulting from foreseeable, preventable rape, forcible rape, sexual battery, and sexual assault by its crewmembers.

79.    The circumstances under which such duty exists include the fact CARNIVAL operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

80.    The circumstances also include the fact that CARNIVAL voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that CARNIVAL takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

81.    CARNIVAL's duty owed to its passengers, including Plaintiff, is non-delegable and even the slightest negligence renders a carrier liable.

82.    CARNIVAL breached its duty to exercise reasonable care under the circumstances in relation to security for and to Plaintiff, including but not limited to the following:

a.    By failing to provide adequate security for its passengers, including Plaintiff;

b.    By failing to have reasonable and proper methods of preventing crime;

c.    By failing to have an adequate system in effect to prevent passengers from being sexually assaulted and battered by crewmembers aboard the subject vessel;

d.    By failing to implement reasonable and adequate safety and security policies, measures, and procedures necessary to protect and keep safe the passengers, on the subject vessel;

e.    By failing to prevent crewmembers from committing sexual assault, sexual battery and sexual abuse on its passengers onboard the subject vessel including Plaintiff;

    f.   By failing to hire experienced security personnel;

    g.   By failing to provide an adequate number of supervisory personnel aboard the vessel;

    h.   By failing perform adequate security checks of the premises;

    i.   By failing to equip the vessel with video and security monitoring of areas where passengers have been and will be assaulted or battered.

83.   At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangers of failing train, supervise, and monitor crewmembers with regards to sexual interactions with passengers including rape, forcible rape, sexual battery, and sexual assault as referenced above.

84.   CARNIVAL's actual or constructive knowledge was derived from prior substantially similar incidents.

85.   CARNIVAL was on thus negligent.

86.   Alternatively, CARNIVAL was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiff.

87.   As a proximate result of the rape, forcible rape, sexual battery, and sexual assault, Plaintiff suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff will suffer it or them in the future. Economic damages include but are not limited to the lost wages, loss of future earning capacity and the cost of medical and counseling care and treatment incurred and to be incurred in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## COUNT IV- NEGLIGENT WARNING AGAINST CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifty-six (56) above as if alleged fully herein.

88.    A high degree of care is demanded of common carriers, like the Defendant CARNIVAL, towards their passengers.

89.    CARNIVAL owed a duty to exercise reasonable care for the safety of its passengers, including to Plaintiff.

90.    CARNIVAL owed a duty to exercise reasonable care under the circumstances to Plaintiff.

91.    CARNIVAL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including Plaintiff, resulting from foreseeable, preventable rape, forcible rape, sexual battery, and sexual assault by its crewmembers.

92.    The circumstances under which such duty exists include the fact CARNIVAL operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

93.    The circumstances also include the fact that CARNIVAL voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that CARNIVAL takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

94.    CARNIVAL's duty owed to its passengers, including Plaintiff, is non-delegable and even the slightest negligence renders a carrier liable.

95.    CARNIVAL breached its duty to exercise reasonable care under the circumstances in relation to warning Plaintiff, including but not limited to the following:

a.    By failing to warn passengers that there are or may be sexual predators amongst CARNIVAL's crewmembers;

b.    By failing to warn passengers that CARNIVAL not properly investigate, screen, hire or retain crewmembers who have direct contact with passengers and access into passenger cabins, and that the passengers should not trust the crewmembers and;

c.    By failing to adequately warn passengers aboard CARNIVAL's vessels that there are real and significant dangers aboard the vessel, including the fact that other passengers have been sexually assaulted by crew members;

d.    By failing to advise passengers that a heightened degree of care should be exercised when dealing with the crew members aboard the vessel;

e.    By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified

and eliminated and/or passengers could be warned of the dangers posed to their health and physical and mental well-being;

f.   By failing to warn passengers of the prevalence and/or dangers of sexual assaults aboard CARNIVAL's vessels;

g.   By failing to warn passengers of the prevalence and/or dangers of being followed and/or targeted aboard CARNIVAL's vessels;

h.   By failing to warn passengers of the lack of adequate security aboard the vessel.

96.   At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangers of failing train, supervise, and monitor crewmembers with regards to sexual interactions with passengers including rape, forcible rape, sexual battery, and sexual assault as referenced above.

97.   CARNIVAL's actual or constructive knowledge was derived from prior substantially similar incidents.

98.   CARNIVAL was on thus negligent.

99.   Alternatively, CARNIVAL was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiff.

100.   As a proximate result of the rape, forcible rape, sexual battery, and sexual assault, Plaintiff suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff will suffer it or them in the future. Economic damages include but are not limited to the lost

wages, loss of future earning capacity and the cost of medical and counseling care and treatment incurred and to be incurred in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## COUNT V- GENERAL NEGLIGENCE AGAINST CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifty-six (56) above as if alleged fully herein.

101. A high degree of care is demanded of common carriers, like the Defendant CARNIVAL, towards their passengers.

102. CARNIVAL owed a duty to exercise reasonable care for the safety of its passengers, including to Plaintiff.

103. CARNIVAL owed a duty to exercise reasonable care under the circumstances to Plaintiff.

104. CARNIVAL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including Plaintiff, resulting from foreseeable, preventable rape, forcible rape, sexual battery, and sexual assault by its crewmembers.

105.  The circumstances under which such duty exists include the fact CARNIVAL operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

106.  The circumstances also include the fact that CARNIVAL voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that CARNIVAL takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

107.  CARNIVAL's duty owed to its passengers, including Plaintiff, is non-delegable and even the slightest negligence renders a carrier liable.

108.  CARNIVAL breached its duty to exercise reasonable care under the circumstances including but not limited to:

   a.  Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target and/or sexually assault other passengers);

   b.  Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing sexual assaults against passengers aboard the vessel;

   c.  Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from targeting passengers;

   d.  Failure to adequately train individuals working aboard the vessel;

   e.  Failure to adequately supervise individuals working aboard the vessel;

    f.   Failure to comply with the requirements under 46 U.S.C. § 3507(b)(1)and (f) of the Cruise Vessel Safety & Security Act;

    g.   Failure to implement and/or enforce an adequate safety management system.

109.    At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangers of failing train, supervise, and monitor crewmembers with regards to sexual interactions with passengers including rape, forcible rape, sexual battery, and sexual assault as referenced above.

110.    CARNIVAL's actual or constructive knowledge was derived from prior substantially similar incidents.

111.    CARNIVAL was on thus negligent.

112.    Alternatively, CARNIVAL was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiff.

113.    As a proximate result of the rape, forcible rape, sexual battery, and sexual assault, Plaintiff suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff will suffer it or them in the future. Economic damages include but are not limited to the lost wages, loss of future earning capacity and the cost of medical and counseling care and treatment incurred and to be incurred in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of

life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable of right.

## INCORPORATED MOTION TO PROCEED PSEUDONYMOUSLY

This matter involves the sexual assault and/or rape of Plaintiff, as further detailed above. As such, Plaintiff hereby moves the Court for leave to proceed in this Action pseudonymously, through the name "JANE DOE". Plaintiff respectfully submits that her proceeding pseudonymously here is appropriate, and good cause supports same, based upon the following showing:

First, requiring Plaintiff to disclose her full name will require her to disclose information of the utmost intimacy – that she was the victim of sexual assault/rape. Second, given the allegations herein against the Assailant, Plaintiff reasonably fears that she will be exposed to physical violence at the hands of the Assailant, again, if she is required to proceed under her own name. Third, Plaintiff proceeding pseudonymously here will not prejudice Defendant, as Plaintiff's counsel has already informed Defendant and Defendant's retained Defense Counsel of Plaintiff's full name. Finally, the sexual assault/rape allegedly perpetrated against Plaintiff and disclosure of Plaintiff's full name in connection with same upon the public record will substantially encroach upon Plaintiff's substantial privacy right, which substantially outweighs the customary

presumption of openness in judicial proceedings. For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to proceed in this Action pseudonymously, through the name "JANE DOE".

Submitted this 31st of May 2023.

By: /s/Glenn J. Holzberg
GLENN J. HOLZBERG
Florida Bar No.: 369551

GLENN J. HOLZBERG
Florida Bar No.: 369551
LOUIS M. HOLZBERG
Florida Bar No.: 1011340
HOLZBERG LEGAL
Counsel for Plaintiff
7685 SW 104th Street
Suite 220
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161